**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

TELETHA WEAVER,

                Plaintiff,

                                            Case No. 3:12-cv-513-J-JRK

vs.

CAROLYN W. COLVIN,[1]
Acting Commissioner of Social Security,

                Defendant.
_____/

**OPINION AND ORDER**[2]

**I. Status**

Teletha Weaver ("Plaintiff") is appealing the Commissioner of the Social Security Administration's final decision denying her claim for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Her alleged inability to work is based on "[t]uberculosis," as well as "[p]ain in [her] knees, hand[,] shoulder, wrist," and fingers. Transcript of Administrative Proceedings (Doc. No. 13; "Tr." or "administrative transcript"), filed July 5, 2012, at 192, 198, 204; see also Tr. at 262. On December 4, 2009, Plaintiff filed applications for DIB and SSI, alleging a disability onset date of October 25, 2009. Tr. at 165-66, 167-69. Plaintiff's claims were denied initially, Tr. at 63-64, 67-68, 70-71, and were denied upon reconsideration, Tr. at 65-66, 75-76, 77-78.

---

[1]       Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d)(1), Federal Rules of Civil Procedure, Carolyn W. Colvin is substituted for Michael J. Astrue as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2]       The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 15), filed July 18, 2012; Reference Order (Doc. No. 16), signed July 18, 2012 and filed July 19, 2012.

On September 1, 2011, an Administrative Law Judge ("ALJ") presided over a hearing at which Plaintiff and her attorney, Stacey Clark, appeared. Tr. at 29-62. Also present at the hearing was a non-examining medical expert, Charles Hancock, M.D. Tr. at 29. On October 26, 2011, the ALJ issued a Decision finding Plaintiff not disabled through the date of the Decision. Tr. at 16-23. Plaintiff then requested review by the Appeals Council. Tr. at 10. The Appeals Council received and admitted some additional evidence, Tr. at 7-8, and denied Plaintiff's request for review on January 27, 2012, Tr. at 4-6, making the ALJ's Decision the final decision of the Commissioner. After requesting and receiving additional time to file a civil action, Tr. at 1-2, on May 2, 2012, Plaintiff commenced this case under 42 U.S.C. §§ 405(g) and 1383(c)(3) by timely filing a Complaint (Doc. No. 1) seeking judicial review of the Commissioner's final decision.

Plaintiff raises six issues on appeal. See Plaintiff's Memorandum in Support of Complaint (Doc. No. 24; "Pl.'s Mem."), filed November 16, 2012, at 2. First, Plaintiff argues the ALJ erred by failing to accord controlling weight to the opinion of Kenneth Nixon, M.D. ("Dr. Nixon"). Pl.'s Mem. at 2, 3-12. Second, Plaintiff contends the ALJ erred by discounting the opinion of examining physician Susan Yandle, M.D. ("Dr. Yandle"). Id. at 2, 12-13. Third, Plaintiff claims the ALJ did not properly evaluate the opinion of a physical therapist who performed a functional capacity evaluation. Id. at 2, 13-16. Fourth, Plaintiff argues the ALJ inappropriately elected to rely almost entirely on the opinion of the non-examining medical expert who testified at the hearing. Id. at 2, 16-18. Fifth, Plaintiff contends the ALJ erred in assessing her residual functional capacity ("RFC"), and she relies largely on the opinions that the ALJ discounted in contending that the ALJ erred with respect to the RFC determination.

Id. at 2, 18-22.  Sixth and finally, Plaintiff alleges that the ALJ erred in finding she was not compliant with her prescribed treatment because she smokes cigarettes against her physician's advice.  Id. at 2, 22-23.

The undersigned addresses Plaintiff's first, second, and third issues together and finds the ALJ committed reversible error in discounting the various opinions; therefore, this matter is due to be reversed and remanded for further consideration of those opinions.  Because the matter is due to be reversed and remanded on the first, second, and third issues, and because the ALJ's further consideration of the opinions on remand may have an impact on the factual findings at which issues four through six are aimed, issues four through six are not addressed herein.  See Jackson v. Bowen, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (per curiam) (declining to address certain issues because they were likely to be reconsidered on remand); Demenech v. Sec'y of the Dep't of Health & Human Servs., 913 F.2d 882, 884 (11th Cir. 1990) (per curiam) (concluding that certain arguments need not be addressed when the case would be remanded on other issues).

## II.  The ALJ's Decision

When determining whether an individual is disabled,[3] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of

---

[3] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]"  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry. See Tr. at 18-23. At step one, the ALJ observed that Plaintiff "has not engaged in substantial gainful activity since October 25, 2009, the alleged onset date." Tr. at 18 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff suffers from "the following severe impairments: tuberculosis and bilateral carpal tunnel." Tr. at 18 (emphasis and citation omitted). At step three, the ALJ ascertained Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. at 18 (emphasis and citation omitted).

The ALJ determined Plaintiff "has the [RFC] to perform the full range of light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b)." Tr. at 19 (emphasis omitted). At step four, the ALJ found Plaintiff does not have any past relevant work. Tr. at 22. After considering Plaintiff's age (32 years old), education ("limited"), lack of work experience, and RFC, the ALJ determined at step five that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform." Tr. at 22 (emphasis omitted). The ALJ concluded Plaintiff was not under a disability from October 25, 2009 through the date of the Decision. Tr. at 23 (citation omitted).

### III.  Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence' . . . ." Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (internal quotation and citations omitted); see also McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988); Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence–even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

### IV.  Discussion

As outlined above, there are three opinions at issue that were discounted by the ALJ: that of Dr. Nixon, a treating physician; that of Dr. Yandle, an examining physician; and that

of a physical therapist at Atlas Physical Therapy and Sports Medicine ("Atlas").[4] In addressing these opinions, the Court first sets out the law as it relates to the handling of the various medical opinions, then summarizes the opinions, and finally discusses the ALJ's findings with respect to them.

## A. Law Regarding Handling of Various Medical Opinions

With regard to a treating physician,[5] the Regulations instruct ALJs how to properly weigh such a medical opinion.[6] See 20 C.F.R. § 404.1527(c). Because treating physicians "are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s)," a treating physician's medical opinion is to be afforded controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the record. Id. When a treating physician's medical opinion is not due controlling weight, the ALJ must determine the appropriate weight it should be given by considering factors such as the length of treatment, the frequency of examination, the nature and extent of the treatment relationship, as well as the supportability of the opinion, its consistency with the

---

[4] The undersigned is unable to read the name and title of the evaluator at Atlas, but Plaintiff contends the person is a physical therapist. Defendant does not contend otherwise.

[5] A treating physician is a physician who provides medical treatment or evaluation to the claimant and who has, or has had, an ongoing treatment relationship with the claimant, as established by medical evidence showing that the claimant sees or has seen the physician with a frequency consistent with accepted medical practice for the type of treatment and/or evaluation required for the medical condition. See 20 C.F.R. § 404.1502.

[6] "Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [a claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions." 20 C.F.R. § 404.1527(a)(2); see also 20 C.F.R. § 404.1513(a) (defining "[a]cceptable medical sources").

other evidence, and the specialization of the physician.  Id.

If an ALJ concludes the medical opinion of a treating physician should be given less than substantial or considerable weight, he or she must clearly articulate reasons showing "good cause" for discounting it.  Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997). Good cause exists when (1) the opinion is not bolstered by the evidence; (2) the evidence supports a contrary finding; or (3) the opinion is conclusory or inconsistent with the treating physician's own medical records.  Phillips, 357 F.3d at 1240-41; see also Edwards v. Sullivan, 937 F.2d 580, 583-84 (11th Cir. 1991); Schnorr v. Bowen, 816 F.2d 578, 582 (11th Cir. 1987) (stating that a treating physician's medical opinion may be discounted when it is not accompanied by objective medical evidence).  The ALJ must "state with particularity the weight he [or she] gave the different medical opinions and the reasons therefor."  Sharfarz v. Bowen, 825 F.2d 278, 279-80 (11th Cir. 1987); see also Moore v. Barnhart, 405 F.3d 1208, 1212 (11th Cir. 2005); Lewis, 125 F.3d at 1440.

An examining physician's opinion, on the other hand, is not entitled to deference.[7]  See McSwain v. Bowen, 814 F.2d 617, 619 (11th Cir. 1987) (per curiam) (citing Gibson v. Heckler, 779 F.2d 619, 623 (11th Cir. 1986)); see also Crawford, 363 F.3d at 1160 (citation omitted).  Nevertheless, an ALJ is required to consider every medical opinion.  See 20 C.F.R. §§ 404.1527(d), 416.927(d) (stating that "[r]egardless of its source, we will evaluate every medical opinion we receive").  While "the ALJ is free to reject the opinion of any physician

---

[7] The Regulations establish a "hierarchy" among medical opinions that provides a framework for determining the weight afforded each medical opinion: "[g]enerally, the opinions of examining physicians are given more weight than those of nonexamining physicians[;] treating physicians'[] [opinions] are given more weight than [nontreating physicians;] and the opinions of specialists are given more weight on issues within the area of expertise than those of nonspecialists."  McNamee v. Soc. Sec. Admin., 164 F. App'x 919, 923 (11th Cir. 2006) (unpublished) (citing 20 C.F.R. § 404.1527(d)(1), (2), (5)).

when the evidence supports a contrary conclusion," Oldham v. Schweiker, 660 F.2d 1078, 1084 (5th Cir. Unit B 1981) (citation omitted); see also 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2), the ALJ must state "with particularity" the weight he gives to different medical opinions and the reasons why, McCloud v. Barnhart, 166 F. App'x 410, 419 (11th Cir. 2006) (citing Sharfarz v. Bowen, 825 F.2d 278, 279 (11th Cir. 1987)).

Finally, opinions from physical therapists, who are considered "other medical sources," "[may be used] to show the severity of [the claimant's] impairment(s) and how it affects [the] ability to work." 20 C.F.R. §§ 404.1513(d), 416.913(d) (stating other sources may include "therapists"). Opinions of other medical sources "constitute 'evidence to be considered on the record as a whole.'" Corbitt v. Astrue, No. 3:07-cv-518-J-HTS, 2008 WL 1776574, at *1 (M.D. Fla. Apr. 17, 2008) (unpublished) (quoting Gramlisch v. Barnhart, 464 F. Supp. 2d 876, 881 (E.D. Mo. 2006)); see also SSR 06-3p (recognizing opinions from sources "who are not technically deemed acceptable medical sources . . . are important and should be evaluated on key issues . . .") (internal quotations omitted); see also Reliford v. Barnhart, 444 F. Supp. 2d 1182, 1188 (N.D. Ala. 2006) (finding it "improper and unreasonable" for an ALJ to completely reject the opinion of a treating physical therapist because the therapist was an "other" source).

## B. Summary of Opinions at Issue

### 1. Dr. Nixon

Beginning in approximately March of 2010, Plaintiff was treated by Dr. Nixon at the Florida Department of Health mainly for joint pain and bilateral hand pain. Tr. at 413. In July 2010, Dr. Nixon referred Plaintiff for a neurology evaluation, Tr. at 420, 422, and Plaintiff was

eventually diagnosed in September 2010 with "[s]uspect bilateral carpal tunnel syndrome," Tr. at 626-27. Because it was determined that the suspected carpal tunnel syndrome was not a neurological issue, it was recommended that Plaintiff resume treatment with Dr. Nixon for pain management, Tr. at 625, 628, and possibly be referred to "Rheumatology or Orthopedics," Tr. at 625. Dr. Nixon did refer Plaintiff "to the Hand Surgery Clinic," and a physician at the clinic opined on December 22, 2010 that she suffered from "[m]ild carpal tunnel syndrome in the bilateral upper extremities." Tr. at 621-23.

On July 18, 2011, Dr. Nixon completed a Physical Residual Functional Capacity Questionnaire. Tr. at 672-76. Dr. Nixon opined that Plaintiff has numerous physical limitations as a result of her conditions of "hypertension, depression, chronic pain[,] tuberculosis, alcohol, tobacco abuse, [and] carpal tunnel," Tr. at 672, including, for a few examples, the inability to stand or walk for less than two hours in a work day; the inability to lift more than ten pounds and the rare ability to lift less than ten pounds; and the inability to twist, stoop, crouch/squat, climb ladders, and climb stairs, Tr. at 672-76. Dr. Nixon also stated that Plaintiff requires accommodations, partially in the form of breaks and permission to shift positions at will, and she would be absent from work more than four days per month. Tr. at 674-75.

**2. Dr. Yandle**

Dr. Yandle examined Plaintiff and authored a report on April 20, 2010 at the request of the Administration. Tr. at 396-99. At the time of the examination, Plaintiff was "being assessed for possible carpal tunnel" and was "having cortisone shots." Tr. at 396. After examining Plaintiff, Dr. Yandle diagnosed "Bilateral carpal tunnel," "Tuberculosis," and

"Hypertension, controlled." Tr. at 399.  Dr. Yandle opined Plaintiff's prognosis was "[a]cutely poor for the hands, otherwise good."  Tr. at 399.  Dr. Yandle further opined Plaintiff "has marked limitations of both wrists and hands for any activity including fine manipulation, handling, carrying, and lifting."  Tr. at 399.

### 3. Physical Therapist

On September 15, 2011, Plaintiff presented to Atlas for a two-hour functional capacity evaluation.  Tr. at 687.  At the end of the evaluation, the evaluator authored a report in which numerous physical limitations of strength, mostly in the upper extremities, were noted.  Tr. at 687-89.

## C. Analysis of ALJ's Findings

The ALJ discounted all three opinions summarized above, electing instead to rely almost entirely on the opinion of a non-examining medical expert who testified at the hearing. Tr. at 22.  Regarding the weight assigned to Dr. Nixon's opinion, the ALJ stated as follows:

> No weight is given to [Plaintiff]'s treating physician, Dr. Nixon, who found that [Plaintiff] can sit and stand or walk for less than two hours in an eight hour workday. Additionally, Dr. Nixon reported that [Plaintiff] could rarely lift less than ten pounds. This opinion is inconsistent with the medical evidence as a whole.

Tr. at 22 (citation omitted).  Regarding Dr. Yandle, the ALJ stated as follows:

> Little weight is given to the consultative examiner, [Dr.] Yandle, [] who found marked limitation in both her wrists and hands for any activity. This opinion is not supported by the medical evidence, and is inconsistent with another opinion [(that of the non-examining medical expert)] that is better supported by the evidence.

Tr. at 22 (citation omitted).  Regarding the Atlas physical therapist's report, the ALJ stated as follows:

-10-

> No weight is also given to the report that found [Plaintiff] unable to perform work at any exertional level based upon grip strength testing. The findings by that report are inconsistent with testing and examinations throughout the reco[r]d."

Tr. at 22 (citation omitted).

Although the ALJ recited recognized "good cause" reasons for discounting the various opinions -- i.e., the opinions are not supported by the medical evidence of record -- without more, these recitations are insufficient. With respect to all three opinions, the ALJ did not explain his reasoning with any specificity. Cf. Gayler v. Astrue, No. 5:07-cv-121-Oc-GRJ, 2008 WL 4327050, at *6 (M.D. Fla. Sept. 18, 2008) (unpublished) (reversing and remanding ALJ's decision to discount a treating physician's opinion when "the ALJ failed to explain or even provide a clue as to how [the treating physician's] opinion was inconsistent with other record medical evidence"); Russ v. Astrue, No. 3:07-cv-1213-J-MCR, 2009 WL 764516, at *10 (M.D. Fla. Mar. 20, 2009) (unpublished) (finding an ALJ's "dismissal" of a treating physician's opinion was "deficient" when the ALJ noted the opinion "was 'not supported by objective findings,'" but did not provide any explanation for the reason) (quoting ALJ's Decision). The lack of specific explanation for the ALJ's reasoning to discount the above three opinions frustrates judicial review.

Defendant contends that the ALJ's election to rely almost solely on the non-examining medical expert's opinion is supported by substantial evidence, and Defendant provides a number of specific reasons (that the ALJ failed to provide) why the administrative transcript allegedly supports the ALJ's election to reject the remaining three opinions. Memorandum in Support of the Commissioner's Decision (Doc. No. 25), filed December 10, 2012, at 6-17. Defendant's reasons, regardless of whether they are supported by substantial evidence,

cannot bolster or replace the ALJ's reasons or lack thereof.  It is not the duty of Defendant or the Court to supply reasons for the ALJ's finding; rather, that duty rests with the ALJ.  See Austin v. Astrue, No. 5:07cv52/MCR/EMT, 2008 WL 2385520, at *8 n.7 (N.D. Fla. June 9, 2008) (unpublished) (recognizing the Commissioner's arguments in support of the ALJ's discounting of a treating physician's opinion, but stating that "[w]hile [the arguments] may be true, the ALJ did not make these findings"); see also Green v. Shalala, 51 F.3d 96, 100-01 (7th Cir. 1995); Herron v. Shalala, 19 F.3d 329, 333 (7th Cir. 1994); Zblewski v. Schweiker, 732 F.2d 75, 78-79 (7th Cir. 1984); Cline v. Sullivan, 939 F.2d 560, 563-69 (8th Cir. 1991).

Because the ALJ failed to articulate adequate reasons for discounting the physicians' opinions and the physical therapist's opinion, this matter is due to be reversed and remanded.  On remand, the Commissioner shall ensure the opinions are properly considered and assigned the appropriate weight.  If the opinions are discounted, reasons for doing so should be provided with specificity.

### V. Conclusion

Upon review, the undersigned finds that the ALJ's discussion of the physicians' opinions and the physical therapist's opinion frustrates judicial review.  Accordingly, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) and pursuant to § 1383(c)(3) **REVERSING** the Commissioner's final decision and **REMANDING** this matter with the following instructions:

  (A) Reevaluate the medical opinion of Drs. Nixon and Yandle and state with particularity the weight afforded; if the opinions are discounted, adequate reasons showing good cause for discounting them shall be provided and shall be supported by substantial evidence;

  (B) Reevaluate the opinion of the physical therapist at Atlas Physical Therapy and Sports Medicine and state with particularity the weight afforded, if it is discounted, adequate reasons shall be provided and shall be supported by substantial evidence;

  (C) Ensure Plaintiff's other issues raised in this appeal are appropriately addressed, if necessary; and

  (D) Take such other action as may be necessary to resolve this claim properly.

2. The Clerk is further directed to close the file.

3. In the event benefits are awarded on remand, Plaintiff's counsel shall ensure that any § 406(b) or § 1383(d)(2) fee application be filed within the parameters set forth by the Order entered in Case No. 6:12-mc-124-Orl-22 (In Re: Procedures for Applying for Attorney's Fees Under 42 U.S.C. §§ 406(b) and 1383(d)(2)).

**DONE AND ORDERED** at Jacksonville, Florida on August 30, 2013.

*/s/ James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of Record